UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RANDY C. JENNINGS and TAMMIE L. JENNINGS

    Plaintiffs,

v.

AMERICAN HOME LOAN SERVICING, INC.; et al.,

    Defendants.

3:11-cv-0379-LRH-RAM

ORDER

    Before the court is defendants American Home Mortgage Servicing, Inc. ("American"); Power Default Services, Inc. ("Power Default"); and Deutsche Bank National Trust Company's ("Deutsche Bank") (collectively "moving defendants") motion to dismiss. Doc. #8.[1] Plaintiffs Randy C. Jennings and Tammie L. Jennings ("the Jennings") did not file an opposition.

    The Jennings refinanced real property through a loan secured by a mortgage note and deed of trust. The Jennings defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

    Subsequently, on April 15, 2011, the Jennings filed a complaint against defendants alleging three causes of action: (1) breach of contract; (2) unjust enrichment; and (3) violation of the Real

---

[1] Refers to the court's docketing number.

Estate Settlement Procedures Act ("RESPA"). Doc. #2. Thereafter, moving defendants filed the present motion to dismiss to which the Jennings did not file an opposition. Doc. #8.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), the Jennings' failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a case, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of cases on the court's docket is strong. Moving defendants have an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to the plaintiffs because the Jennings have shown an unwillingness to continue litigating their complaint which weighs in favor of granting the motion. Additionally, although public policy favors a resolution on the merits, the court finds that dismissal is warranted in light of these other considerations.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #8) is GRANTED.  Defendants American Home Mortgage Servicing, Inc.; Power Default Services, Inc.; and Deutsche Bank National Trust Company are hereby dismissed from this action.

IT IS SO ORDERED.

DATED this 25th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2